IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORENZO M. ARAGON,

  Plaintiff,

vs.                No. 99cv1374 JC/JHG

LARRY G. MASSANARI,
**Acting Commissioner of the
Social Security Administration,**

  **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

  This matter is before the Court on Plaintiff's (Aragon's) Motion to Reverse and Remand Administrative Decision, filed August 4, 2000. The Commissioner of Social Security issued a final decision denying Aragon's application for a disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand is well taken and recommends that it be GRANTED.

  Aragon, now forty-four years old, filed his application for disability insurance benefits and supplemental security income on November 22, 1996, alleging disability since October 20, 1992, due to a total colectomy and acute pancreatitis secondary to alcohol abuse. On February 18, 1998, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Aragon had severe impairments of status post total colectomy and alcoholism, however, these impairments did not meet or equal in severity any of the disorders described in the Listing of Impairments, Subpart

P, Appendix 1. Tr. 12. The ALJ specifically reviewed sections 5.06D and 12.09 of the Listings and found Aragon's condition was not severe enough to be deemed presumptively disabled. The ALJ further found Aragon retained the residual functional capacity (RFC) for at least a full range of sedentary work but for his alcoholism. Tr. 13. Aragon filed a Request for Review of the decision by the Appeals Council. On October 21, 1999, the Appeals Council denied Aragon's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Aragon seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Aragon makes the following arguments: (1) the ALJ erroneously considered his alcohol use before making a conclusive finding of disability; (2) the ALJ improperly failed to accord any weight to the opinion of the consultative physician; (3) the ALJ's credibility determination is not supported by substantial evidence and is contrary to law; and (4) the ALJ's RFC finding is not supported by substantial evidence and is contrary to law.

In 1996, Congress amended the Social Security Act to provide that '[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). Under this regulation, the ALJ must evaluate which of plaintiff's current physical and mental limitations

3

would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling.

The regulations make clear that a finding of disability is a condition precedent to an application of 42 U.S.C. § 423(d)(2)(C), 20 C.F.R. §§ 404.1535(a), 416.935(a). Therefore, the Commissioner must determine whether a plaintiff is disabled prior to finding that alcoholism is a contributing material factor. *Id.* The ALJ must then determine whether plaintiff would still be found disabled if he or she stopped abusing alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). If so, then the alcohol abuse is not a contributing factor material to the finding of disability. 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii). If, however, the plaintiff's remaining impairments would not be disabling without the alcohol abuse, then the alcohol abuse is a contributing factor material to the finding of disability. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

In this case, the ALJ specifically found Aragon did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listings. Tr. 12. Specifically, the ALJ found

> His status post colectomy[1] does not meet or equal the criteria under Listing Section 5.06D. There is no evidence of recurrent bloody stools with anemia, persistent or recurrent systemic manifestations such as arthritis, iritis, fever, or liver dysfunction, or intermittent obstruction due to intractable abscess, fistula formation, or stenosis.
>
> Although his alcoholism **may well** meet or equal Listing Section 12.09, he is not under a disability within the meaning of the Act, since alcoholism would be a material contributing factor to a finding of disability . . . .

---

[1] Colectomy is the excision of a segment or all of the colon. *Stedman's Medical Dictionary* 363 (26th ed. 1995). In this case, Aragon had a total colectomy.

4

Tr. 12 (emphasis added). Listing 12.09 is structured as a reference listing. It serves only to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral or physical changes resulting from regular use of addictive substances. *See* Listing 12.00 A. Listing 12.09 states:

> Substance Addiction Disorders: Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system.
>
> The required level of severity for these disorders is met when the requirements in any of the following (A through I) are satisfied.

The disorders covered by Listing 12.09 are: (A) organic mental disorders; (B) depressive syndrome; (C) anxiety disorders; (D) personality disorders; (E) peripheral neuropathies; (F) liver damage; (G) gastritis; (H) pancreatitis; and (I) seizures. Each disorder is referenced to another mental or physical impairment which is used to evaluate the behavioral or physical changes resulting from regular use of addictive substances, for example, pancreatitis is evaluated under Listing 5.08. In order for the ALJ to conclude that Aragon's alcohol abuse was a contributing factor material to the finding of disability, the ALJ first had to find Aragon disabled. The ALJ failed to do this. The Court cannot discern what condition or disorder under Listing 12.09 Aragon "may well" meet or equal or if in fact the ALJ found Aragon disabled. On remand the ALJ should first determine whether Aragon is disabled and then decide whether his alcohol abuse is a contributing factor material to the determination of disability.

Aragon also claims the ALJ improperly failed to accord any weight to the opinion of the consultative physician and his credibility determination is not supported by substantial evidence and is contrary to law. On April 17, 1997, Dr. Hamilton performed a consultative examination.

Dr. Hamilton found the reliability of the information provided by Aragon to be excellent and assessed him as follows:

> This 39-year-old male is eleven years status-post total colectomy. Since the total colectomy, he has developed diarrhea, which apparently has been aggravated by alcoholic pancreatitis. The patient suffers from inanition[2] and muscle wasting, probably primarily secondary to poor food intake. The muscle wasting and inanition may have been aggravated by chronic alcohol use and/or alcoholic pancreatitis. In light of the muscle wasting, I believe it is significant that the patient had an abnormally low BUN in October 1996.[3] With the history of diarrhea and erratic fluid and food intake, secondary to decreased appetite, nausea and intermittent abdominal pain, the patient regularly experiences light-headedness, which appears to be present on today's examination. The patient's difficulty with tandem gait in the absence of any other abnormal cerebellar signs supports the patients' allegations of light-headedness and the tendency to faint.

Tr. 220. On December 11, 1997, Dr. Hamilton wrote a letter to Aragon's counsel opining Aragon was unable to sustain gainful employment. Tr. 236. Dr. Hamiltion also opined Aragon's inanition and muscle wasting were multifactorial. *Id.* The factors cited by Dr. Hamilton were (1) Aragon's erratic food and fluid intake secondary to nausea and abdominal pain, secondary to alcoholic pancreatitis, (2) some degree of malabsorption secondary to pancreatitis and (3) excessive fluid loss secondary to a total colectomy. *Id.* Dr. Hamilton also completed a Medical Source Statement of Ability to do Work-Related Activities, indicating Aragon (1) could lift only up to five pounds occasionally and less than two pounds frequently; (2) could stand only two hours in an eight-hour workday and only a quarter hour without interruption; (3) could sit for four hours total in an eight-hour workday and only one hour without interruption; and (4)

---

[2] Inanition is severe weakness and wasting as occurs from lack of food, defect in assimilation, or neoplastic disease. *Stedman's Medical Dictionary* 860 (26th ed. 1995).

[3] A low BUN may indicate "liver failure, overhydration, pregnancy, acromegaly, diet, IV feedings only." *The Merck Manual* 2550 (17th ed. 1999).

reaching, feeling, speaking, handling, and hearing were not affected, however, traveling was affected. Tr. 225, 226. To support her findings, Dr. Hamilton cited to Aragon's diarrhea, recurrent dehydration, inanition, generalized muscle wasting secondary to total colectomy and possibly alcoholic pancreatitis. Tr. 225. Fatigue was also a factor Dr. Hamilton considered when she completed the form. *Id.*

In his Decision, the ALJ concluded that Aragon's "capacities" were "directly related to alcohol abuse." Tr. 13. However, the ALJ gave no explanation for this conclusion and it is not supported by substantial evidence. In fact, Dr. Hamilton found Aragon's ability to do work-related activities were affected by several other factors and "**possibly** alcoholic pancreatitis." An ALJ may not substitute his own opinion for medical opinion. *See Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 744 (10th Cir. 1993).

The ALJ also discounted Dr. Hamilton's opinion that Aragon was unable to sustain gainful employment, stating it was "brief, conclusory, and unsupported by the medical evidence." *Id.* However, in her letter, Dr. Hamilton made clear she was basing her opinion on the April 7, 1997 consultative examination she performed on Aragon. As an examining physician, Dr. Hamilton's opinion was entitled to some weight. *See,* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). On remand, if the ALJ elects to discount Dr. Hamilton's opinion, he must explain his reasons for doing so.

The ALJ also found that, although Aragon had symptom-producing medical problems, he exaggerated the symptoms and functional limitations. Tr. 12. Accordingly, the ALJ found Aragon's testimony did not credibly establish symptoms or functional limitations to the extent alleged. *Id.* On remand, the ALJ should reevaluate Aragon's credibility. The medical evidence

supports Aragon's allegations of diarrhea, dizziness and fatigue.  Finally, if on remand the ALJ finds Aragon is disabled and his alcohol abuse is not a contributing factor, application of the grids would be inappropriate in light of Aragon's nonexertional impairments.

## **RECOMMENDED DISPOSITION**

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence.  Aragon's Motion to Reverse or Remand Administrative Decision, filed August 4, 2000, should be granted.  This case should be remanded to the Commissioner to allow the ALJ to determine whether Aragon is disabled and then decide whether his alcohol abuse is a contributing factor material to the determination of disability.  On remand, the ALJ should also reevaluate his credibility determination.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.